DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated appellant's order to pay child support and ordered payment of arrearages. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth three assignments of error:
 {¶ 3} "I. The trial court's judgment was void for lack of jurisdiction over the person of defendant/appellant.
 {¶ 4} "II. The trial court erred in proceeding with hearing without observing defendant/appellant's right to be represented by legal counsel.
 {¶ 5} "III. The trial court's order regarding the effective termination date violates the due process rights afforded to defendant/appellant."
 {¶ 6} This case originated with a complaint in parentage filed by appellee Patricia E. against appellant in 1993. Following a contested trial on the matter, the court filed a judgment entry establishing parentage and ordering child support. In 2003, appellees Lucas County Child Support Enforcement Agency and Patricia E. filed a motion to show cause alleging appellant had failed to pay child support. The trial court assigned appointed counsel for appellant and, at a hearing held in April 2003, appellant was found in contempt. In May 2003, appellant filed a pro se motion to modify the prior support order and a "Pro Se Motion to Vacate Prior Order and Request Genetic Testing." Notice was issued to appellant at the address he listed on his motions, but he failed to appear at the hearing. His motions were dismissed in June 2003 for failure to prosecute. In December 2003, appellant filed another pro se motion to modify child support, a motion to vacate the prior order and request genetic testing. Again, notice of the hearing was issued to appellant at the address listed on his motions. Appellant failed to appear at the hearing and his motions were again dismissed for failure to prosecute. In January 2005, appellees filed a new motion to show cause for failure to pay child support against appellant and the matter was set for hearing on March 28, 2005. The record shows that service upon appellant was attempted by certified mail and confirmation of receipt was received on January 26, 2005. On February 17, 2005, appellant filed a third pro se motion to modify child support, motion to vacate the prior order and a request for genetic testing. On March 11, 2005, appellant's request for genetic testing was granted. As a result of the test, appellant was excluded as the father of the child who was the subject of the support order. At a hearing held March 28, 2005, the trial court terminated the child support order effective February 17, 2005, the date appellant filed his most recent motion for genetic testing.
 {¶ 7} In his first assignment of error, appellant asserts the trial court did not have personal jurisdiction over him because he did not receive notice of any of the proceedings related to his motions and the motions of appellees. Appellant argues that as a result of defective service, the court's April 2005 decision is void. Appellant faults appellees for not using reasonable diligence to ascertain his address or whereabouts. Appellant argues appellees should have determined "an address at which he could have received his mail," but does not say he had another address or was not receiving mail at the addresses indicated on his motions. Appellant simply claims service of process upon him was "defective" and he was "unaware" of any of the court proceedings. We note at the outset that the juvenile court established personal jurisdiction over appellant in 1993, when the original paternity action was filed. See R.C. 3111.06. As to appellant's claim that he was not properly served with notice of the hearings in 2003 and 2005, pursuant to R.C. 3121.24, appellant was obligated to inform the child support enforcement agency of any change of address immediately after the change occurred. Furthermore, the court sent notice of each hearing tothe address appellant provided on his motions. Based on the foregoing, appellant's first assignment of error is not well-taken.
 {¶ 8} In his second assignment of error, appellant asserts the trial court denied his request for appointed counsel at a hearing in March 2003. The record reflects that at the hearing held March 25, 2003, appellant requested court-appointed counsel. A docket entry from April 10, 2003 states "Dft. did not fill out financial disclosure or call." A docket entry dated April 15, 2003 states "Attorney Ty S. Mahaffey is hereby appointed as counsel for Wayne [S.]." The record reflects Attorney Mahaffey was present with appellant at the show cause hearing on April 11, 2003. Appellant further states that he was never represented by counsel after the April 11 hearing. We note, however, that after counsel was appointed in April 2003, appellant failed to appear for any hearings other than one in November 26, 2003, regarding a contempt conviction. At that hearing, appellant's 30-day jail sentence was stayed. Thereafter, appellant failed to appear for any other scheduled proceedings until March 11, 2005, when the trial court granted his motion for genetic testing. A formal hearing was not held at that time. After the trial court's judgment entry was filed on April 6, 2005, appellant requested court-appointed counsel for appeal and an attorney was appointed for him. Based on our review of the record, we find appellant did have court-appointed counsel at the trial level and, accordingly, his second assignment of error is not well-taken.
 {¶ 9} In his third assignment of error, appellant asserts that, at a minimum, the effective termination date of his child support obligation should be May 15, 2003, the date he first requested genetic testing. The trial court instead held appellant responsible for arrearages that accrued prior to the filing of his third motion to vacate on February 17, 2005. As we established above, appellant failed to appear at either of the two hearings set on his own motions to vacate the support order even though he was served with notice of the hearings. This matter most likely would have been resolved much earlier had appellant appeared at the hearing scheduled in August 2003, or the one set in January 2004. Appellant should not now be relieved of his responsibility to pay arrearages on child support that could have been terminated months or years ago had he appeared at one of the hearings set on the matter. See Cuyahoga SupportEnforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437. Based on the foregoing, appellant's third assignment of error is not well-taken.
 {¶ 10} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., Concur.